**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 54438-5-II |
| NATHANIEL LAUIFI, | UNPUBLISHED OPINION |
| Petitioner. | |

CRUSER, J. — Nathaniel Lauifi seeks relief from personal restraint imposed as a result of his 2018 plea of guilty to first degree robbery and first degree assault.[1] First, he argues that his offender score of 9 was miscalculated because it included an offense, first degree unlawful possession of a firearm, of which he had not been convicted. He is incorrect. The trial court properly included a conviction for first degree unlawful possession of a firearm under cause number 17-1-01972-9, as to which he was sentenced on the same day as this sentence under cause number 18-1-00285-18. And the judgments and sentences make clear that the sentence on the 17-1-01972-9 cause number was to be served concurrently with the sentence on the 18-1-00285-18 cause number.

Next, Lauifi argues that he should be allowed to withdraw his plea of guilty for two reasons. He argues he received ineffective assistance of counsel because he was promised that a charge of first degree unlawful possession of a firearm would be dismissed and that he would receive one-

---

[1] The trial court entered Lauifi's judgment and sentence on December 27, 2018. Lauifi timely filed a motion to modify or correct judgment and sentence, and a motion to withdraw his plea of guilty, in the trial court on December 9, 2019. RCW 10.73.090(1) and (3)(a). That court transferred his motions to us under CrR 7.8(c) to be considered as a personal restraint petition.

third off his sentence for good time. As to the former, the State did dismiss a charge of first degree unlawful possession of a firearm from the original information, albeit not the conviction contained in the 17-1-01972-9 cause number. As to the latter, he does not demonstrate that his plea of guilty was predicated on receiving one-third good time credit, *State v. Buckman*, 190 Wn.2d 51, 66, 409 P.3d 193 (2018), which would not have been up to the trial court to grant. He does not show either deficient performance or resulting prejudice, and so does not show ineffective assistance of counsel. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Finally, Lauifi argues that his plea of guilty was not knowing, intelligent and voluntary. But he signed a plea agreement acknowledging that his plea was made freely and voluntarily, without coercion and with understanding of the rights he was giving up by pleading guilty. When a defendant fills out a written statement on a plea of guilty in compliance with CrR 4.2(g) and acknowledges that he or she has read it and understands it and that its contents are true, the written statement provides prima facie verification of the plea's voluntariness. *State v. Perez*, 33 Wn. App. 258, 261, 654 P.2d 708 (1982). And contrary to his claim in this petition, he admitted to committing the crimes to which he pleaded guilty.

Lauifi does not show any grounds for relief from personal restraint. We therefore deny his petition and deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MAXA, J.

SUTTON, A.C.J.